```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT


UNITED STATES OF AMERICA        :
                                :
     v.                         :     CRIM. NO. 1:06CR21-01
                                :
REAL GAGNON                     :
_____ :
```

### RULING ON DEFENDANT'S MOTION IN LIMINE
(Paper 22)

The defendant, Real Gagnon, seeks to preclude the proposed testimony of five government witnesses scheduled to testify at his upcoming marijuana trafficking trial: George Plourde, Raymond Begin, Romeo Bosse, Jr., Patty Pomerleau, and Paul Longtin.  See Paper 22 at 2.  He argues their proposed testimony is inadmissible under Fed. R. Evid. 404(b) in that it only addresses the defendant's "bad character" and therefore is more prejudicial than probative.

The government represents it does not intend to call either George Plourde or Patty Pomerleau to testify at trial.  See Paper 30 at 2.  As to these two individuals, the defendant's Motion in Limine is moot.

In relevant part, Fed. R. Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not
> admissible to prove the character of a person in order
> to show action in conformity therewith.  It may,
> however, be admissible for other purposes, such as
> proof of motive, opportunity, intent, preparation,
> plan, knowledge, identity, or absence of mistake or
> accident . . . .

1

The defendant claims he was driving his brother's car when he was arrested in Canaan, Vermont, on December 5, 2004, and that "he did not know that marihuana was in the trunk of the car." Paper 22 at 2.

The government plans to call Romeo Bosse to testify, inter alia, "that defendant delivered [marijuana] to [his] house between 20 and 25 times." Paper 30 at 3. Similarly, Paul Longtin will testify that he has "purchased personal use quantities of marijuana from defendant on a regular basis." Paper 30 at 3.

These statements patently address the defendant's "knowledge" or "absence of mistake or accident" in conjunction with his alleged transport of marijuana. These prior acts implicate the same type of conduct at issue in defendant's impending trial. They potentially contradict the defendant's assertion that he did not know the vehicle he was driving contained marijuana for trafficking. Accordingly, these statements are admissible under Fed. R. Evid. 404(b). See, e.g., United States v. Brand, 2006 WL 2981524 * 16 (2d Cir. 2006) ("evidence that Brand possessed child pornography was admissible under Rule 404(b) to show whether Brand's intent in attempting to entice 'Julie' and traveling across state lines to meet with her involved an intent to engage in sexual activity with a minor"); cf. United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002)

("Without a connection between the two acts, the prior act is not relevant or probative and is inadmissible.").

The government also intends to call Raymond Begin to testify "that he went to defendant's residence on at least 20 occasions to buy marijuana, met with defendant at different locations to buy marijuana from him, and defendant came to Begin's house several times to deliver marijuana to him."  Paper 30 at 2.

Mr. Begin, however, asserts that he had not purchased marijuana from the defendant since "2003."  Paper 30 at 2.  The defendant is charged with conduct occurring in December, 2004.  Given the period of time between the defendant's arrest and Mr. Begin's last alleged marijuana purchase, and the fact that the Court will permit Mr. Bosse and Mr. Longtin to testify, the Court finds Mr. Begin's testimony will be cumulative, more prejudicial than probative, and therefore will not be admitted at trial.  See Fed. R. Evid. 403.

As to George Plourde and Patty Pomerleau, the defendant's Motion in Limine is DENIED as moot.  As to Romeo Bosse, Jr., and Paul Longtin, the defendant's Motion in Limine is DENIED.  As to Raymond Begin, the defendant's Motion in Limine is GRANTED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 9th day of November, 2006.

                                        /s/ J. Garvan Murtha
                                        J. Garvan Murtha
                                        United States District Judge