```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF VERMONT

UNITED STATES OF AMERICA   :
                           :
     v.                    :       File No. 1:06CR21-01
                           :
REAL GAGNON                :
_____:
```

### RULING ON MOTION TO DISMISS INDICTMENT
(Paper 32)

The defendant, Real Gagnon, has moved to dismiss the indictment on the ground that the government only presented one witness to the grand jury, thereby resulting in proceedings that were "fundamentally unfair."  See Paper 32-1 at 1.

The gravamen of defendant's argument is that the government only presented the hearsay testimony of one Immigration and Customs Enforcement officer.  This officer was not present when the government received information from an anonymous source who said the defendant had $129,000 in drug proceeds and when the defendant's car was searched.  In addition, the officer testified about a fingerprint belonging to the defendant, despite the fact that he is not a fingerprint examiner.  The defendant maintains this testimony was misleading because the witness implied he had been present during those events.  See Paper 32-1 at 7.

As a general matter, "[i]t is entirely permissible for the government to use hearsay evidence in its presentation to the grand jury."  United States v. Ruggiero, 934 F.2d 440, 447 (2d Cir. 1991).  Such use of hearsay evidence is impermissible only

1

where the government has misled the grand jury into thinking it has received firsthand testimony, or if there is a "high probability" the defendant would not have been indicted had only nonhearsay evidence been presented.  Id.

Here, relevant portions of the grand jury testimony belie the defendant's argument that the testifying officer misled the grand jury.  At no time did the testifying officer give the impression that he had participated in the initial stop of the defendant.  Likewise, the officer attributed his knowledge of the $129,000 to an "anonymous source."  Paper 32-2 at 624.  His testimony made clear another agent had inspected defendant's vehicle, and his testimony related to that other agent's receipt of a tip which had an impact on subsequent inspection decisions.

In addition, he related the fingerprint findings as a conclusion of a Vermont State Police fingerprint analyst.  See Paper 32-2 at 625.  The fact that the defendant's print was not found on the actual bag containing marijuana, but instead was found on the middle of three nesting bags, is irrelevant to the significance of the fingerprint, since it was not found on an exterior bag where its presence might be more easily explained.

The defendant relies in part on United States v. Brito, 907 F.2d 392 (2d Cir. 1990).  In Brito, the Second Circuit noted that, "pursuant to [its] supervisory power, [it] may dismiss an indictment for prosecutorial misconduct if the grand jury was

misled or misinformed, . . . or possibly if there is a history of prosecutorial misconduct, spanning several cases, that is so systemic and pervasive as to raise a substantial and serious question about the fundamental fairness of the process." 907 F.2d at 394 (citations and quotations omitted).

Nevertheless, contrary to the defendant's implication, the Court has not concluded that a "single-witness policy," in and of itself, is unfair or misleading to a jury.  Id. at 395; accord United States v. Torres, 1994 WL 48820 * 6 (S.D.N.Y.), aff'd mem., 48 F.3d 1214 (2d Cir. 1994) ("It appears that since Brito, the United States Attorney's Office has persisted in its practice of relying on secondhand testimony in grand jury proceedings. . . . [S]uch presentations do not constitute prosecutorial misconduct per se.").  Moreover, to the extent Brito suggests a court may use its supervisory power to prohibit the use of a single, hearsay witness, some district courts have noted the case "is no longer valid."  United States v. Carter, 2005 WL 180914 (S.D.N.Y. 2005).

It is a rare case where dismissal of an indictment is an appropriate sanction.  See United States v. Fields, 592 F.2d 638, 648 (2d Cir. 1979).  The submitted portion of the transcript does not disclose an attempt to mislead the grand jury, nor does it suggest any other factor that would merit dismissal of the indictment.

3

The Motion to Dismiss the Indictment is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 14th day of November, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge